IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD  21201<br><br>**Plaintiff,**<br><br>v.<br><br>**DR Horton Inc.**<br>137 Mitchells Chance Rd. #300<br>Edgewater (Anne Arundel County)<br>MD 21037<br><br><br><br>**Defendant.** | Civil Action No.<br><br><br><br><br><br><u>**COMPLAINT**</u><br><br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Afiya Watkins, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that DR Horton Inc. ("Defendant") unlawfully discriminated against Watkins, a qualified individual with a disability, by denying her request for a disability-related accommodation and by constructively discharging her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within Edgewater (Anne Arundel County) in the State of Maryland with at least fifteen (15) employees. It operates a business which constructs and sells residential housing to the general public. The employment practices at issue herein occurred in Carroll, Frederick, and Anne Arundel Counties.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDURES

7. More than 30 days prior to the institution of this lawsuit, Watkins filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On June 26, 2024 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 8, 2024 the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13. Watkins is disabled as defined in 42 U.S.C. §12102, in that she suffers from diabetes and diabetic neuropathy which causes numbness, pain, and tingling in her limbs and is substantially limited in the major life activities of normal endocrine and nervous system function.

14. Since at least January 2022 Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A). These practices include denying Watkins a reasonable accommodation, resulting in her constructive discharge:

    a. In November 2018, Defendant hired Watkins as a sales representative for new homes.

    b. In or around November 2021, after approximately 18 months of acceptable performance as a sales representative Watkins was diagnosed with diabetes and diabetic neuropathy.

    c. Between on or around November 2021 and January 2022 Watkins took unpaid leave due to her diabetes and diabetic neuropathy.

    d. When Watkins returned to work in or around January 2022 driving a car caused her significant physical pain due to her disability because it required her to be in a fixed position for an extensive amount of time.

    e. From the time Watkins joined Defendant in 2018 until she took medical leave, Watkins was stationed at a residential development in Carroll County that was approximately a one-hour ten-minute drive from her home in Upper Marlboro, Maryland.

4

  f. Her one-hour ten-minute drive was painful, aggravated her neuropathy in her hands and feet, and her pain persisted once she arrived at work, impairing her ability to use a keyboard, which was necessary for entering critical business data into the company's sales data bases.

  g. Shortly prior to her return to work in January 2022, Watkins told Defendant that, per her doctor's advice, she was requesting the reasonable accommodation of being assigned to another development closer to her home which would require a lesser commute.

  h. Instead of reasonably accommodating Watkins, Defendant reassigned her to Frederick, Maryland which, due to traffic, was a two-hour one-way drive from her home, and told her to seek a transfer after she returned.

  i. Throughout 2022, Defendant operated several developments to which it could have assigned her that were closer to Watkins's home, but Defendant required Watkins to continue working in Frederick, despite its awareness of her pending request for accommodation and her repeated requests for a reasonable accommodation.

  j. In or around November 2022 Watkins constructively discharged due the severe physical pain caused by the commute and because Defendant had not provided her with a reasonable accommodation and would not commit to assigning her to a closer location in the future.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA;

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

D. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

   E. Order Defendant to make Watkins whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to sales associate at a location which commute does not result in significant physical pain, or front pay and training equivalent to lost experience in lieu of reinstatement;

   F. Order Defendant to make Watkins whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above;

   G. Order Defendant to make Watkins whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

   H. Order Defendant to pay Watkins punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

   I. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

   J. Grant such further relief as the Court deems necessary and proper in the public interest; and

   K. Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

DEBRA M. LAWRENCE
Regional Attorney


/S
_____
ERIC S. THOMPSON
Senior Trial Attorney


UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270